UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

-------------------------------------------------------------X
In Re:

GILLIAN JORDAN,
*AKA* GILLIAN MARGARET JORDAN-DE VERTEUIL,

                Debtors.

-------------------------------------------------------------X

Case No. 1-22-40568-nhl

Chapter 11
[Subchapter V]

JUDGE: Hon. Nancy Hershey Lord

**NOTICE OF MOTION**

      Upon the annexed *MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY* ("Motion to Dismiss") filed by of Gregory Wallach, Esq., dated August 26, 2022 and the exhibits annexed thereto, Nationstar Mortgage LLC ("Creditor"), a secured creditor, will move this court before the Hon. Nancy Hershey Lord United States Bankruptcy Judge, on the 29th day of September, 2022 at 11:00 AM, at the United States bankruptcy Court, Eastern District of New York, Courtroom 3577, Brooklyn, New York 11201 for an Order Dismissing Debtor's Chapter 11 Case under §1112 to allow Creditor, to proceed with default remedies under state law with respect to the mortgage it holds on the premises known as 455 Macon St, Brooklyn, NY 11233 ("Property"), on the grounds that: (1) Debtor has failed to file required documents and attend meeting under the Bankruptcy Code, Bankruptcy Rules, and Local Rules; and (2) the absence of reasonable likelihood of a successful reorganization as any Plan will lack feasibility.

      Please Take Further Notice that the hearing shall not be held in person but shall be held telephonically or by video. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise

unable to register with eCourt Appearance, you may call or email Judge Lord's courtroom deputy for instructions at (347)394-1854, nhl_hearings@nyeb.uscourts.gov.

Dated: August 26, 2022

>Respectfully submitted,
>
>*/s/ Gregory Wallach*
>Gregory Wallach, Bar No.:
>Attorney for Creditor
>Aldridge Pite, LLP
>4375 Jutland Drive, Suite 200
>P.O. Box 17933
>San Diego, CA 92177-0933
>Telephone: (858) 750-7600
>Facsimile: (619) 590-1385
>Email: GWallach@aldridgepite.com

TO:

**Gillian Jordon**
455 Macon Street
Brooklyn, NY 11233

**Karamvir Dahiya**
Dahiya Law Offices LLC
75 Maiden Lane
Ste 606
New York, NY 10038

**Gerard R Luckman, Esq.**
Subchapter V Trustee
Forcelli Deegan Terrana, LLP
333 Earle Ovington Blvd., Suite 1010
Uniondale, NY 11553

**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

**\*CREDITORS LIST ATTACHED HERETO\***

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK - BROOKLYN DIVISION

---------------------------------------------------------------X
In Re:

GILLIAN JORDAN,
AKA GILLIAN MARGARET JORDAN-DE VERTEUIL,

                        Debtors.
---------------------------------------------------------------X

Case No. 1-22-40568-nhl

Chapter 11
[Subchapter V]

JUDGE: Hon. Nancy Hershey Lord

# MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY CASE *WITH* BAR TO REFILING

Nationstar Mortgage LLC ("Creditor") hereby moves this Court, pursuant to 11 U.S.C. §1112(b) for an Order Dismissing Debtor's Chapter 11 Case with respect to certain real property of the Debtor having an address of 455 Macon St, Brooklyn, NY 11233 (the "Property"), for all purposes allowed by law, the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, the undersigned respectfully states the following under penalty of perjury:

## I. STATEMENT OF FACTS

**A. LOAN HISTORY**

1. On May 8, 2008, Debtor executed a promissory note in the principal sum of $487,200.00 (the "Note"). The Note reflects that it was indorsed in blank. (*See* Claim No. 12-1).

2. The Note is secured by a Mortgage (the "Mortgage")[1] granting a security interest in the real property located at 455 Macon St, Brooklyn, NY 11233 (the "Property") which is more fully described in the Mortgage. (*See* Claim No. 12-1).

3. Subsequently, Debtor received a Loan Modification. (*See* Claim No. 12-1).

---

[1] The Note and Mortgage are collectively referred to as the "Loan."

B.  **THE INSTANT BANKRUPTCY CASE**

4. On March 23, 2022, Debtor filed the instant voluntary petition under Chapter 11 of the Bankruptcy Code in the Eastern District of New York and was assigned bankruptcy case number 1-22-40568-nhl (the "Bankruptcy Case"). Debtor listed the Property as the **principal residence** on the petition. (Dkt. No. 1).

5. On May 31, 2022, Creditor filed its *Proof of Claim* listing a secured claim of $352,264.12, including pre-petition arrears of $8,440.24, consisting of pre-petition fees of $6,443.43 and an escrow shortage of $1,996.81. (*See* Claim No. 12-1).

6. On June 21, 2022, Debtor filed the Chapter 11 Plan of Reorganization ("Plan"). (Dkt No. 43). The Plan lists Creditor's Claim in Class 2, and states the claim shall be unimpaired and paid pursuant to the contractual loan documents. Arrearage shall be paid upon the effective date of the plan. Further, the Plan states, "Debtor is current with her payments on Mr. Cooper." There is a junior lien held by WBL in excess of $2.262 million. (*See* Claim No. 8-1). The WBL claim wipes away all of the Debtor's assets, including the Property. The Debtor disputes the WBL lien and intends to challenge the validly of the claim. The Debtor is running a day care center for pre-school children, and alleges she is earning enough to sustain payments to Mr. Cooper and other unsecured creditors, however, she cannot make payments to WBL. Also, the Debtor shall be refinancing the Property to be able to pay administrative and other necessary tax claims. At the same time, the landlord for the day care center filed a proof of claim for past due rent of $88,125.00. (*See* Claim No. 13-1).

7. Although Debtor alleges she operates the day care and listed the day care as her employer, Debtor's only source of income listed on Schedule I is unemployment benefits in the

amount of $504.00 per month. (*See* Dkt No. 18).

8. The Debtor failed to make *post-petition* payments to Creditor for the months of May 1, 2022 – August 1, 2022.

9. On June 29, 2022, Creditor filed an Objection to the Plan ("Objection"). (Dkt No. 46). The Objection was based on: (i) the failure to provide for the cure of the contractual arrears on the Debtor's principal residence, (ii) the failure to satisfy the Subchapter V confirmation requirements under sections 1190, 1191 and 1194; and (iii) the lack of feasibility. (Dkt No. 46).

10. On July 12, 2022, the Court held a Status Hearing on Confirmation of the Plan. At the hearing, the Debtor expressed an intention to amend the Plan to address the Objection and missing Subchapter V provisions. The court adjourned the hearing to August 30, 2022.

11. To date, the Debtor has yet to file an Amended Subchapter V Plan.

12. To date, Debtor has yet to file the monthly operating report for July 2022.

## II. ARGUMENT
### A. DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED PURSUANT TO 11 U.S.C. § 1112

**1. Legal Standard.**

13. Section 1112 of the Bankruptcy Code provides, in pertinent part:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court ***shall*** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b)(1) (emphasis added). A movant bears the burden of establishing by preponderance of the evidence that cause exists to convert the case from chapter 11 to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. *In re Lizeric Realty Corp.,* 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995). Once "cause" is established, the burden

shifts to the party opposing conversion to show that relief is not warranted. *Id.* For the reasons discussed more fully below, sufficient "cause" exists to convert or dismiss this case.

2. **Cause Exists to Dismiss this Case Based on Debtors Failure to Comply with the Bankruptcy Code, Federal Bankruptcy Rules, and Local Bankruptcy Rules**

14. Pursuant to 11 U.S.C. §1112(b)(4), a court shall dismiss a case for cause including "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" or failure to comply with an order of the court." 11 U.S.C. §1112(b)(4)(E) and (F).

15. Here, Debtor has yet to file required documents. Debtor has yet to file the required monthly operating report for the month of July 2022 as required by the Bankruptcy Code and Rules. Based on the foregoing, cause exists to dismiss this case pursuant to 11 U.S.C. §§1112(b)(4)(E) and (F).

3. **Cause Exists to Dismiss this Case Due to the Absence of a Reasonable Likelihood of Rehabilitation**

16. Subsection (b)(4) of section 1112 sets forth a non-exclusive list of examples of cause including, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. §§ 1112(b)(4)(A) and (J). Several of these examples are applicable in this case, as explained below.

17. Under section 1112(b)(4)(A), a court may convert or dismiss a bankruptcy for cause based on a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. In *United Sav. Ass'n v. Timbers*, the Supreme Court stated that, "there must be a reasonable possibility of a successful reorganization within a reasonable

time." *United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Associates, Ltd*, 484 U.S. 365, 376 (1988). Where reorganization is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *See In re Johnston*, 149 B.R. 158, 162 (9th Cir. B.A.P. 1992).

18. First, the Debtor derives 100% of her income from unemployment, with benefits subject to expiration. It is unclear how the Debtor will pay expenses and fund a Plan once benefits expire. Although Debtor alleges she operates the day care and listed the day care as her employer, Debtor's only source of income listed on Schedule I is unemployment benefits in the amount of $504.00 per month. (*See* Dkt No. 18). As a result, Debtor lack the income for successful reorganization.

19. Second, Creditor asserts any proposed Chapter 11 Plan will lack feasibility. Debtor defaulted on post-petition payments to Creditor, and there is no indication the Debtor generates sufficient income to resume contractual payments and cure the default. As discussed in the Plan Objection, the feasibility of Plan is contingent upon: (i) the successful avoidance of WBL's claim in a yet-to-filed lawsuit; (ii) refinance funding to pay admin claims; (iii) a resolution with the landlord regarding forgiveness of the back due rent; (iv) the successful operation of the non-performing day care; and (v) the cure of defaults owed to Creditor. The Plan fails to include adequate information to address any of the above outstanding issues to suggest the reorganization will succeed. Meanwhile, the arrears on the Debtor's principal residence continue to increase while the day care produces little to no income. Although the Debtor filed the original Plan in June, Debtor has yet to proceed with an Amended Plan to address the above issues

20. As a result, it appears any proposed Plan will lack feasibility. Based on the foregoing, there is an ***absence of a reasonable likelihood of rehabilitation*** within a reasonable period of time and the Court must dismiss the Debtors' case for cause or, in the alternative, convert

the case under Chapter 7 of the Bankruptcy Code.

B.   **DISMISSAL IS IN THE BEST INTERESTS OF CREDITORS**

21.   Under § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of several court actions will best serve the estate's creditors. It must: "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re Sullivan*, 522 B.R. 604, 612 (9th Cir. BAP 2014).

22.   When deciding between dismissal and conversion under section 1112(b), "the court must consider the interests of *all* of the creditors." *In re Owens*, 552 F.3d 958, 961 (9th Cir. 2009) (emphasis in original; internal quotes omitted) (citing *Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14 F.3d 240, 243 (4th Cir.1994)). "R]egardless of the parties' arguments, the bankruptcy court [has] an independent obligation under § 1112 to consider what would happen to all creditors on dismissal and, in light of its analysis, whether dismissal or conversion would be in the best interest of all creditors…" *In Re Sullivan*, 522 B.R. at 612-613. Thus a court should dismiss a case when a debtor has little to no unsecured creditors and almost no unencumbered nonexempt assets, thus indicating that there would be little or no chapter 7 estate to administer and no unsecured creditor body to administer the estate on behalf of. *In re Grego*, 2015 WL 3451559, at *8 (9th Cir. BAP May 29, 2015).

23.   In this case, the Subject Property is the only asset of value owned by the Debtor. However, the Property is the Debtor's homestead, subject to exemption. The remaining assets are listed as exempt on Scheduled C. As a result, a Chapter 7 Trustee would have little to no assets to administer for the benefit of creditors. Accordingly, this case should be dismissed.

24.	In the alternative, Creditor request that this Court convert this case to a Chapter 7 to allow a trustee to determine if any of the Debtor's assets contain equity to liquidate for the benefit of the estate. At a minimum, a Chapter 7 trustee would comply with reporting requirements under the Code to ensure that estate assets are properly managed. Accordingly, dismissal of the petition or liquidation by a Chapter 7 Trustee appears to be the only logical step to the orderly administration of Debtor's case.

**WHEREFORE**, Creditor prays that this Court issue an Order

1. Dismissing the Chapter 11 Case; and
2. Such other relief as the Court deems just and proper.

Dated: August 26, 2022

Respectfully submitted,

*/s/ Gregory Wallach*
Gregory Wallach, Bar No.:
Attorney for Creditor
Aldridge Pite, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
Email: GWallach@aldridgepite.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In Re:

GILLIAN JORDAN,
*AKA* GILLIAN MARGARET JORDAN-DE VERTEUIL,

    Debtor.

-----------------------------------------------------------------X

Case No. 1-22-40568-nhl

Chapter 11
[Subchapter V]

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the *Motion to Dismiss Debtor's Chapter 11 Bankruptcy Case with Bar to Refiling* was mailed by U.S. First Class Mail the August 26, 2022, to the parties listed below:

TO:
Gillian Jordan
455 Macon Street
Brooklyn, NY 11233

Karamvir Dahiya
Dahiya Law Offices LLC
75 Maiden Lane
Ste 606
New York, NY 10038


Gerard R Luckman, Esq.
Subchapter V Trustee  Forcelli Deegan Terrana, LLP
333 Earle Ovington Blvd., Suite  1010
Uniondale, NY 11553-3645

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

*see attached mailing matrix for additional service

Dated: August 26, 2022                    Respectfully Submitted


                                          /s/  Gregory A. Wallach
                                          By: Gregory A. Wallach
                                          Attorney for Creditor
                                          Aldridge Pite, LLP
                                          4375 Jutland Drive, Suite 200
                                          P.O. Box 17933
                                          San Diego, CA 92177-0933
                                          Telephone: (858) 750-7600
                                          Facsimile: (619) 590-1385
                                          Email: GWallach@aldridgepite.com

```
Label Matrix for local noticing            Bayside United Methodist Church            NYS Department of Taxation & Finance
0207-1                                     3820 Bell Boulevard                        15 MetroTech Center
Case 1-22-40568-nhl                        Flushing, NY 11361-2059                    Brooklyn, NY 11201-3818
Eastern District of New York
Brooklyn
Fri Aug 26 13:10:05 EDT 2022

WBL SPE III, LLC                           1                                          Nationstar Mortgage LLC d/b/a Mr. Cooper
c/o Parker Ibrahim & Berg LLP              271-C Cadman Plaza East, Suite 1595        c/o Aldridge Pite, LLP
James P. Berg, Esq.                        Brooklyn, NY 11201-1800                    4375 Jutland Drive, Suite 200
5 Penn Plaza, Suite 2371                                                              P.O. Box 17933
New York, NY 10001-1810                                                               San Diego, CA 92177-7921

Bayside United Methodist                   Bayside United Methodist Church            Bridgecrest Credit Compan
c/o Song Ramin PLLC                        c/o The Law Office of John C. Kim, P.C.    c/o Molly Chapman
40-21 Bell Blvd, 2nd Fl                    163-10 Northern Boulevard                  400 Meridian Center Blvd.
Bayside, NY 11361-2041                     Suite 201                                  Ste 200
                                           Flushing, NY 11358-2652                    Rochester, NY 14618-3983

Bridgecrest Credit Company, LLC            Bridgecrest Credit Company, LLC as servicer  Capital One Bank (USA), N.A.
c/o Davidson Fink, LLP                     c/o Davidson Fink, LLP                     by American InfoSource as agent
400 Meridian Centre Blvd., Suite 200       400 Meridian Centre Blvd., Suite 200       PO Box 71083
Rochester, NY 14618-3983                   Rochester, NY 14618-3983                   Charlotte, NC  28272-1083

Directv, LLC                               INTERNAL REVENUE SERVICE                   LVNV Funding, LLC
by American InfoSource as agent            P.O. BOX 7346                              Resurgent Capital Services
PO Box 5072                                PHILADELPHIA, PA 19101-7346                PO Box 10587
Carol Stream, IL  60197-5072                                                          Greenville, SC 29603-0587

MERRICK BANK                               Mr. Cooper                                 NATION STAR COOPER
Resurgent Capital Services                 PO Box 818060                              350 ISLAND AVENUE
PO Box 10368                               5801 Postal Road                           Houston, TX 77067
Greenville, SC 29603-0368                  Cleveland, OH 44181-2184

Nationstar Mortgage LLC d/b/a Mr. Cooper   New York State Department of Taxation & Fina  Nissan Motor Acceptance Corporation
Attn: Bankruptcy Dept.                     Bankruptcy Section                         PO Box 9013
PO Box 619096                              P O Box 5300                               Addison, TX 75001-9013
Dallas TX 75261-9096                       Albany New York 12205-0300

                                           T Mobile/T-Mobile USA Inc                  WBL SPE III, LLC
                                           by American InfoSource as agent            Attn: Daniel A. Schleifstein, Esq.
                                           PO Box 248848                              c/o PARKER IBRAHIM & BERG LLP
                                           Oklahoma City, OK  73124-8848              5 Penn Plaza, Suite 2371
                                                                                      New York, New York 10001-1810

WBL SPE III, LLC                           WORLD BUSINESS LENDERS LL                  WORLD BUSINESS LENDERS LL
c/o Parker Ibrahim & Berg LLP              C/O JEFFREY S. ZACHTER                     C/O PARKER IBRAHM & BERG
James P. Berg, Esq.                        30 Wall Street 8th Floor                   270 DAVIDSON AVENUE
5 Penn Plaza, Suite 2371                   New York, NY 10005-2205                    Somerset, NJ 08873-4140
New York, New York 10001-1810
```