Fill in this information to identify the case:

Debtor name: Gillian Jordan aka Gillian Margaret Jordan-De Verteuil

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known): 22-40568-NHL

☒ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11                 02/20

**Gillian Jordan aka Gillian Margaret Jordan-De Verteuil** 's Plan of Reorganization,
Dated   April 23, 2025

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

## Background for Cases Filed Under Subchapter V

**A.     Description and History of the Debtor's Business**

The Debtor is an individual and the plan proponent. The Debtor's main business is operating a day care center in New York City under the corporate name, ABC Ninos Inc hereinafter "ABC". Debtor is the Executive Director of ABC. ABC has 12 employees. Debtor's assets includes a parcel of real property, a vehicle and ABC. Debtor's annual income is approximately $240,000.00 from her employment at ABC. On March 23, 2022, the Debtor sought Chapter 11 bankruptcy protection because her home located at 455 Macon Street, Brooklyn, New York was being auctioned at a foreclosure sale by secured lender, World Business Lenders SPE III, LLC hereinafter " WBL SPE III". On February 11, 2020, WBL SPE III was granted a Judgment of Foreclosure and Sale. Debtor took out this loan to expand ABC. The loan of $250,000 of the year 2016 (the "Loan") morphed into a loan of $2.2 Million by March of 2022. The real property located at 455 Macon Street, Brooklyn, NY is debtor's principal residence.

**B.     Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit __A__.

**C.     Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit __B__.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ __5,300.00__.

The final Plan payment is expected to be paid on   or about **May 31, 2030 (60 months after the effective date of the Debtor's Plan**     .

On an average month the Debtor earns approximately $20,000 a month and said funds are deposited in her Debtor in Possession bank account.   Her monthly expenses are approximately $9,000 a month. The Debtor anticipates that she would be able to fund her plan of reorganization.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of   (the *Debtor*) from Debtor's wages and the loan proceeds when Debtor refinances the mortgage on her principal residence.

This Plan provides for: __1__ classes of priority claims;

  __6__ classes of secured claims;

  __1__ classes of non-priority unsecured claims; and

  __1__ classes of debtor's ownership interest in estate property.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately __5__ cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

2.01   **Class 1** .................. All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

[Add classes of priority claims, if applicable]

| | | |
|---|---|---|
| 2.02 | **Class 2** ................. | The claim of <u>Mr. Cooper</u>, to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 3**................. | The claim of judgment creditor World Business Lenders SPE III, LLC to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 4**................. | The claim of Bridgecrest Credit Company LLC as servicer for CA. |
| | **Class 5**................. | The claim of Internal Revenue Service to the extent allowed as a secured claim under § 506 of the Code. |
| | **Class 6**................. | The claim of the New York State Department of Taxation & Finance to the extent allowed as a secured claim under section 506 of the Code. |
| | **Class 7**................. | The claim of Nissan Motor Acceptance Corporation to the extent allowed as a secured claim under Section 506 of the Code. |
| 2.03 | **Class 8** ................. | All non-priority unsecured claims allowed under § 502 of the Code. |
| | | [Add other classes of unsecured claims, if any.] |
| 2.04 | **Class 9** ................. | The Interests of the Individual Debtor in Property of the Estate. ) |

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |

Debtor   Gillian Jordan aka Gillian Margaret Jordan-De Verteuil                    Case number (if known) 22-40568-NHL
         Name

| 3.02 | **Administrative expense claims** | Each holder of an administrative expense allowed under Section 503 of the Code. Administrative claimants consists of (a) professional fees due and owing to the debtor's counsel and debtor's prior counsel and (b) any professional fees which may be due and owing to Gerard R Luckman, Esq, the Subchapter V Trustee assigned to this case. It is estimated that the professional fees due to the Law Office fo Narissa A. Joseph, PC., debtor's counsel is approximately $15,000 which is subject ot the approval of the Court. If there are any professional fees due to Debtor's prior counsel Dahiya Law Offices LLC it will be paid at the end of the plan subject to the approval of the Court.   In addition, it is estimated that the professional fees due Gerard R. Luckman, Esq., the Subchapter V Trustee will be in the approximate sum of $30,000. Any approved fees shall be paid to Mr. Luckman in increments of a $1,000 a month commencing within 30 days of the entry of the Order by this Court. |
|---|---|---|
| 3.03 | **Priority tax claims** | An Order was entered by the Court setting June 1, 2022 as the last date for priority creditors to file claims in this Chapter 11 case. As of this date, two (2) priority tax claims have been filed in this case.<br>The claim of the Internal Revenue Service has a priority claim in the amount of $36,546.92. This claim will be objected to by the Debtor or will be paid in monthly installments of $609.11 per month beginning on the effective date of the Debtor's plan for 60 months.<br><br>The claim of the New York State Department of Taxation & Finance with a priority claim in the amount of $4,261.40. This claim will be objected to by the Debtor or will be paid in monthly installments of $71.02 per month beginning on the effective date of the Debtor's plan for 60 months. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | There are no quarterly fees in this action as it is a Sub V case. |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority** | ☐ Impaired | There is no Priority Claim in this Case |

| | | |
|---|---|---|
| claims excluding those in Article 3 | ☒ Unimpaired | other than those discusssed in Article 3 above. |
| Class 2 – **Secured claim of Mr. Cooper** | ☐ Impaired<br>☒ Unimpaired | Class 2 Secured Claim of Mr. Cooper shall remain unaltered and would be paid as per the underlying note and any arrearage shall be paid upon the effective date of the plan. |
| Class 3 – **Secured claim of World Business Lenders SPE III, LLC** | ☒ Impaired<br>☐ Unimpaired | Class 3 Secured Claim of World Business Lenders SPE III, LLC-The creditor World Business Lenders   SPE III LLC hereinafter WBL SPE III has agreed to accept the sum of $450,000 in compromise and settlement of its claims.   Payable as follows: Debtor to pay WBL SPE III $1,000 per month commencing within 30 days of the Effective Date of the Plan and by the last business day of each month thereafter, for a total of sixty (60) months (the "term");   During the Term, interest shall accrue on the principal owed on the Agreed Claim at the rate of 5%;   Debtor shall pay WBL SPE III the remaining balance owed on the Agreed Claim by the last business day of the month following the conclusion of the 60 month Term. |
| Class 4 – **Secured claim of Bridgecrest Credit Company** | ☐ Impaired<br>☒ Unimpaired | Class 4 Secured Claim of Bridgecrest Credit Company LLC shall remain unaltered and would be paid as per the underlying note and any arrearage shall be paid upon the effective date of the plan. |
| Class 5 – **Secured claim of Internal Revenue Service** | ☒ Impaired<br>☐ Unimpaired | Class 5 Secured Claim of Internal Revenue Service shall be paid upon resolution of the envisioned challenge to its claim. Pending the resolution, the debtor shall pay $1,000 a month commencing upon the effective date of the plan until paid |

in full. Debtor anticipates that this secured claim will be paid in full prior to March 2030.

| Class 6 – **Secured claim of** **New York State Dept. of Taxation and Finance** | ☒ Impaired<br>☐ Unimpaired | Class 6 Secured Claim of New York State Department of Taxation and Finance shall be paid upon resolution of the envisioned challenge to its claim. Pending the resolution , the debtor shall pay $1,000 a month commencing upon the effective date of the plan until paid in full.   Debtor anticipates that this secured claim will be paid in full prior to March 2030. |
|---|---|---|
| Class 7 – **Secured claim of** **Nissan Motor Acceptance Corporation** | ☐ Impaired<br>☒ Unimpaired | This claim is deemed to be satisfied as the underlying collateral , the car has been surrendered to the dealer. |
| Class 8 – **Non-priority unsecured creditors** | ☒ Impaired<br>☐ Unimpaired | Non Priority unsecured creditorsv will receive not less than 5   percent (%) of the total amount of their claim for a period prorated over a five years from the effective date of the confirmation of the plan. |
| Class 9 - **Debtor's ownership interest in estate property** | ☒ Impaired<br>☐ Unimpaired | The real property shall reinvest with the Debtor upon the completion of the plan. |

## Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |
| | | (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: <br> NONE |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. |
| | | A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than __30__ days after the date of the order confirming this Plan.  |

### Article 7: Means for Implementation of the Plan

The Plan is based on the continued operation by the Debtor of its business both prior to and subsequent to the Confirmation of this Chapter 11 plan. The debtor's payments to its creditors shall be made from the Debtor's ongoing wages and refinance of the Debtor's real property.

The Debtor has shown the ability to meet her post petition obligations on a regular basis since filing and has sufficient cash on hand to remit both its ongoing payments and any lump sum due on the Effective Date of the Plan.

The Debtor's Operating Reports form the periods from the petition date to March, 2025 are on file with the Bankruptcy Court.

### Article 8: General Provision

**8.01 Definitions and rules of construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

[Insert additional definitions if necessary].

**8.02 Effective Date**

The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**8.03 Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04 Binding Effect:**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05 Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**[8.06 Controlling Effect**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of <u>New York</u> govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

**[8.07 Corporate Governance**

[If the Debtor is a corporation include provisions required by § 1123(a)(6) of the Code.]

[8.08 **Retention of Jurisdiction**   The Bankruptcy Court shall retain and have exclusive jurisdiction of and over all matters arising under, arising out of or relating to the following:

(a) to determine any and all objections to the allowance of Claims;

(b) to determine any and all pending applications for the rejection or assumption of executory contracts or unexpired leases to which the Debtor is a party or with respect to which it may be liable, and to hear and determine, and if need be to liquidate, and all Claims arising therefrom;

c) to determine any and all applications, adversary proceedings and contested or litigated matters, concerning any claims of the Debtor or reorganized Debtor preserved pursuant to the Plan and/or to set aside liens or encumbrances and/or to recover any assets or damages to which the Debor may be entitled under applicable provisions of the Bankruptcy Code or other Federal, State or Local Law;

d) to consider any modification of the Plan, any defect or omission or to reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order, to the extend authorized by the Bankruptcy Code;

(e) to determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan;

(f) to consider and act on the compromise and settlement of any Claim against or cause of action by or against the Estate;

(g) to issue such orders in aid or execution of the Plan to the extend authorized by section 1142 of the Bankruptcy Code;

(h) to fix the allowance of compensation to all professionals;

(I)  to determine such other matters which may be set forth in the Confirmation Order which may arise in connection with the Plan, including, but not limted to , extending deadlines and time limits provided in the Plan.

## Article 9: Discharge

**[Discharge if the Debtor is an individual under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt:

   (i) imposed by this Plan; or

   (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

   (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

   or

   (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Debtor  Gillian Jordan aka Gillian Margaret Jordan-De Verteuil        Case number (if known) 22-40568-NHL

### Article 10: Other Provisions

[Insert other provisions, as applicable.]

The Debtor shall file with the Court the notice of the Plan's effective date within three business days of the occurence of the Plan's effective date.

The Debtor shall file with the Court a notice of the substantial consummation of the Plan within three business days of the occurence of the substantial consummation of the Plan.

The Debtor shall file a report whenever necessary, but not less than every 6 months after the entry of the order confirming the Plan, regarding the actions undertaken to achieve substantial consummation of the plan and entry of a final decree, including resolutions of claims and resolution of avoidance and other bankruptcy court litigation outstanding or contemplated.

Within 14 days following the full adminstration of the estate, but not later than 18 months following the entry of the order confirming a plan, the Debtor shall file, on notice of the United States Trustee an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

Respectfully submitted,

X /s/ Gillian Jordan
[Signature of the Plan Proponent]

Gillian Jordan
[Printed name]

X /s/ Narissa A. Joseph
[Signature of the Attorney for the Plan Proponent]

Narissa A. Joseph
[Printed name]